RALPH BROWN v. STATE.

No. A-583.   Opinion Filed May 23, 1911.

Appeal from Payne County Court; P. D. Mitchell, Judge.

Ralph Brown was convicted of violating the prohibitory law, and appeals.   Affirmed.

Freeman E. Miller, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for defendant in error.

PER CURIAM.   Plaintiff in error was convicted on the 2nd day of November, 1909, on a charge of selling intoxicating liquor, and his punishment fixed at a fine of two hundred dollars and imprisonment in the county jail for a period of ninety days.   We find no material error in the record.   The judgment of the trial court is therefore affirmed, with directions to that court to enforce the judgment and sentence.

A. J. WALDOCK v. STATE.

No. A-588.   Opinion Filed May 23, 1911.

Appeal from District Court, McCurtain County; R. McMillan, Judge.

A J. Waldock was convicted of criminal contempt, and appeals. Reversed and dismissed.

Howe & Stanley and Spaulding & Carr, for plaintiff in error.

Chas. West, Atty. Gen., and Chas. L. Moore, Asst. Atty. Gen., for defendant in error.

PER CURIAM.   This appeal is erroneously on the docket as Charles Smith et al., plaintiff in error, v. State of Oklahoma, defendant in error.   It should be A. J. Waldock, plaintiff in error, v. State of Oklahoma, defendant in error.   The original action in the court below was The State of Oklahoma v. Charles Smith et al., A. J. Waldock being one of the number.   Waldock with sixteen others was tried in the district court of McCurtain county on the 9th day of October, 1909, on a charge of conspiring to commit criminal contempt of the district court of said county, and fined five hundred dollars and costs. All the other parties charged in the complaint were acquitted.   This contempt charge grew out of an alleged violation of an order of injunction issued out of the district court of McCurtain county on application of the Choctaw Lumber Company against the Smith Lumber Company and W. H. Tucker.   The judgment is wholly unsupported by competent evidence.   The cause is reversed and remanded, with directions to the trial court to dismiss if sufficient testimony cannot be had upon which to base a conviction.